# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

JAI DEVON LEE,                          :
                                        :
          Petitioner,           :
                                        :
          v.                    :     CIVIL ACTION NO.: CV609-076
                                        :
STEPHEN UPTON, Warden,                  :
                                        :
          Respondent.           :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jai Devon Lee ("Lee"), an inmate at Dodge State Prison in Chester, Georgia, filed an action pursuant to 28 U.S.C. § 2254 contesting the validity of his conviction for financial identity theft. Respondent filed an Answer-Response. Lee filed a Reply. For the reasons which follow, Lee's petition should be **DENIED**.

## STATEMENT OF THE CASE

After a jury trial in the Bulloch County Superior Court, Lee was sentenced to ten (10) years in prison for financial identity fraud. Lee filed a direct appeal, and the Georgia Court of Appeals affirmed Lee's conviction and sentence. Lee v. State, 283 Ga. App. 826, 642 S.E.2d 876 (2007). Lee filed an application for a writ of certiorari with the Georgia Supreme Court, and that court denied Lee's application.

Lee filed a petition for writ of habeas corpus with the Coffee County Superior Court. In that petition, Lee raised fourteen (14) grounds for relief. The Coffee County

Superior Court denied Lee's petition, and the Georgia Supreme Court denied Lee's application for certificate of probable cause to appeal this denial.

Lee then filed this petition. Lee asserts that the state violated his right to due process and to a fair trial because the state court's jury instructions relieved the prosecution of its burden to establish every essential element of financial identity fraud against a business victim. Lee also asserts that subsequent legislation declared that all statutory provisions in the identity fraud act are to be considered together, and the state habeas corpus court did not allow him to pursue this claim. Lee contends that the Georgia Court of Appeals denied him due process by affirming his conviction by concluding that "business victim" is not used in the fraud act statutes until O.C.G.A. § 16-9-129, when this term is used in O.C.G.A. §§ 16-9-125, -126, and -128. (Doc. No. 1, p. 8). Finally, Lee contends that he is serving an illegal sentence because the ten (10) year sentence he received exceeds that proscribed by the law.

## STANDARD OF REVIEW

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

AO 72A
(Rev. 8/82)

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

## DISCUSSION AND CITATION TO AUTHORITY

### I.    Business Victim Instruction

Lee contends that the trial court's jury instructions relieved the prosecution of the burden of proving every essential element of financial identity fraud against a business victim. Lee asserts that this is a violation of the due process clause and his Sixth Amendment right to a jury trial, as his conviction should have rested upon a jury

3

determination that he was guilty beyond a reasonable doubt of every element of the crime with which he was charged. Lee also asserts that he requested that the trial court instruct the jury on a definition of "business victim" under O.C.G.A. § 16-9-125, "which clearly provides that an element of the offense is the unauthorized use of personal information, which element occurs in the county where the victim lives." (Doc. No. 12, pp. 22-23). Lee alleges that "business victim" is a proper statement of the law on identity fraud because the indictment placed him on notice that he allegedly attempted to access the resources of a business. Lee avers that the trial court's and the appellate court's decisions were contrary to, or an unreasonable application of, clearly established law because the term "business victim" is not found in O.C.G.A. § 16-9-121, the statute under which he was indicted. Lee also avers that the Georgia Court of Appeals decision is an unreasonable application of Jackson v. Virginia, 443 U.S. 307 (1979). (Grounds 1 and 3).

Respondent asserts that Lee raised, on direct appeal, a claim that the evidence at trial warranted an instruction on the definition of a "business victim" because the lack of evidence of a loss suffered by a business victim violated due process, and Lee raised "a related claim that the evidence was insufficient." (Doc. No. 9-1, p. 3). Respondent asserts that Grounds 1 and 3 of Lee's petition do not state a claim for habeas corpus relief, as he does not allege a violation of clearly established federal law within the meaning of 28 U.S.C. § 2254(d). Rather, Respondent asserts, Lee's "business victim" jury instruction claim raises an issue of state law and/or procedure. In the alternative, Respondent alleges that the state appellate court's decisions on these issues should be given deference.

AO 72A
(Rev. 8/82)

On the issue of whether the trial court should have defined "business victim" in its jury instructions, the Georgia Court of Appeals found:

> Lee's reasoning is flawed because the term "business victim" is not contained in O.C.G.A. § 16-9-121, the identity fraud statute under which Lee was indicted. Rather, . . . O.C.G.A. § 16-9-121 uses the broader term "person," which encompasses not only individuals, but also various business and government entities, to describe the victim of an identity fraud offense. Moreover, the only place in the entire forgery and fraudulent practices article in which the term "business victim" is actually used is O.C.G.A. § 16-9-129, which provides that a business victim under the article shall have a cause of action for actual damages sustained, punitive damages and costs of litigation.
>
> Consequently, contrary to Lee's argument, the definition of a business victim cannot be incorporated into the plain language of O.C.G.A. § 16-9-121 to add another element-actual financial loss-to the crime of identity fraud. And the trial court committed no error in refusing to give such a jury instruction.

Lee v. State, 283 Ga. App. 826, 827-28, 642 S.E.2d 876, 878 (2007). This ground does not provide Lee with habeas corpus relief under section 2254.

The clearly established federal law regarding sufficiency of evidence can be found in Jackson v. Virginia, 443 U.S. 307 (1979). A petitioner is entitled to habeas corpus relief pursuant to 28 U.S.C. § 2254 if it is determined from the record evidence that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324.

A review of the record, in the light most favorable to the prosecution, establishes that a rational factfinder could readily have found Lee guilty beyond a reasonable doubt of identity fraud. In reviewing Lee's claim on direct appeal, the Georgia Court of Appeals made the following findings of fact and conclusions of law:

> Lee used to work for Snelling Personnel Services, a company that provides temporary workers for businesses. Lee had received payroll checks from Snelling and had kept in contact with the company to update

5

his file, most recently in August 2004. On December 6, 2004, someone using the fictitious name of James Strobridge ordered 500 Snelling payroll checks from NEBS Business Forms in Massachusetts. The order was placed from Lee's cellular telephone and the address to which the checks were to be shipped is Lee's home address of 17 Mikell Street in Statesboro.

Four days later, on December 10, a second call was made from Lee's telephone to NEBS, inquiring about the status of the order. That same day, the shipment of the 500 payroll checks to be delivered to Lee's house arrived in Statesboro. The delivery driver, however, recognized that the Mikell Street address is a private residence and he knew that Snelling's office is actually located on South Zetterower Avenue; so he delivered the shipment to the business office on South Zetterower.

No one at Snelling had ordered the checks, which contain the number of a Snelling bank account that, on average, carries an $80,000 balance. Snelling's branch manager called the police. Upon discovering that the fraudulent order had been placed from Lee's phone and was to be sent to Lee's address, the police arrested Lee.

O.C.G.A. § 16-9-121 provides, in pertinent part, that the elements of identity fraud include accessing or attempting to access another's resources through the use of identifying information.

A person commits the offense of identity fraud when without the authorization or permission of a person with the intent unlawfully to appropriate resources of . . . that person, or of any other person, to his or her own use or to the use of a third party he . . . [a]ccesses or attempts to access the resources of a person through the use of identifying information. O.C.G.A. § 16-9-121(2).

We note that the applicable definition of "person" for all of Title 16 is found in O.C.G.A. § 16-1-3(12), which states that: "'Person' means an individual, a public or private corporation, an incorporated association, government, government agency, partnership, or unincorporated association." Accordingly, Snelling is a "person" under the identity fraud statute, and there is sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that Lee is guilty of identity fraud in that he attempted to access Snelling's resources through the use of its bank account information and the fraudulent payroll checks

Lee, 283 Ga. App. at 826-27, 642 S.E.2d at 877-78; Resp't's Ex. 1, pp. 1-2.

AO 72A
(Rev. 8/82)

The Georgia Court of Appeals relied on clearly established federal law in making its determination that the evidence introduced at trial was sufficient for a rational trier of fact to find Lee guilty of identity fraud. The Georgia Court of Appeals' adjudication on Lee's insufficient evidence claim was not contrary to nor an unreasonable application of clearly established federal law. Thus, Lee is not entitled to relief on this ground.

## II.     Subsequent Legislation

Lee contends that, when his trial was held, there was "considerable debate" about whether "business victim" fell under the definition of "person" under O.C.G.A. § 16-9-121. (Doc. No. 12, p. 29). Lee also contends that the Georgia Supreme Court decided not long after he was convicted that the statutes comprising the identity fraud act are to be read *in pari materia* and must be construed together. Lee asserts that this represents a new rule of law and that "person" means "individual", rather than "business victim", under O.C.G.A. § 16-9-121.

Respondent contends that this enumeration of error does not state a claim for habeas relief, as Lee does not allege a violation of clearly established federal law. Respondent asserts that, if the Court were to construe this ground as stating a claim for relief, the contentions of this ground were decided adversely to Lee in his state habeas corpus proceedings. Respondent asserts that alleged errors in state habeas corpus proceedings do not state ground for relief under section 2254.

The state habeas corpus court determined that "[a]ny changes to the statute are inapplicable, as [Lee] was convicted under the previous version of the statute, which was the version in effect at the time the crime was committed." (Doc. No. 10-6, p. 9) (quoting Fleming v. State, 271 Ga. 587, 590, 523 S.E.2d 315 (1999), for the proposition,

AO 72A
(Rev. 8/82)

"it has long been the law in [Georgia] that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission."). Lee does not set for a claim for relief pursuant to section 2254 and is not entitled to relief on this ground.

### III.    Illegal Sentence

Lee alleges that the ten (10) year sentence he received is more than that proscribed by law. Lee asserts that he was charged with the attempted access of the financial resources of a business and that he was sentenced under the statute proscribing the actual commission of identity fraud. Lee contends that he should have received a sentence of no more than five (5) years' imprisonment, pursuant to O.C.G.A. § 16-4-6(b).

Respondent contends that Lee's assertion that his sentence is illegal does not allege a federal law violation, and, thus, does not state a claim for federal habeas corpus relief. Respondent also contends that the state appellate court found against him on a related claim he brought on appeal.

Lee brought this claim on appeal. The Georgia Court of Appeals found that the trial court's imposition of the ten-year maximum sentence was not unlawful. In so doing, the appellate court stated that Lee was convicted under O.C.G.A. § 16-9-121, "which occurs when one accesses or *attempts* to access another's resources. Under O.C.G.A. § 16-9-126(a), the penalty range for that offense is imprisonment for one to ten years[.]" (Doc. No. 10-1, p. 4) (emphasis in original). Lee likewise fails to state a claim for relief pursuant to § 2254 on this ground and is not entitled to habeas corpus relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lee's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this _21ˢᵗ_ day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)