UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAI DEVON LEE

**Plaintiff,**

v.                      6:09-cv-76

STEPHEN UPTON, Warden,

**Defendant.**

## ORDER

### I. INTRODUCTION

Before the Court are 28 U.S.C. § 2254 petitioner Jai Devon Lee's ("Lee") Motions for a Certificate of Appealability ("COA"), Doc. 42, and for the District Court to Construe Petitioner's COA the Functional Equivalent of his Intent to Appeal, Doc. 43. The Court construes these motions as a motion for a COA and a request for leave to appeal *in forma pauperis* ("IFP"). The Magistrate Judge recommended the denial of Lee's habeas corpus petition. *See* Doc. 31 (Report and Recommendation ("R&R")). This Court adopted the R&R as its own opinion. *See* Doc. 33. Lee was convicted of identity fraud under O.C.G.A. § 16-9-121 for attempting to obtain checks from his ex-employer's bank account and sentenced to ten years imprisonment. *See* Doc. 31 at 1.

### II. ANALYSIS

#### A. Certificate of Appealability

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. Lee "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

"The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* Lee contends that the state court denied his constitutional rights by: (1) refusing to give an instruction on an additional element of identity fraud for business victims; (2) refusing to apply a precedent decided after he committed his crime; and (3) illegally sentencing him to the statutory maximum when he committed a mere attempt. *See* Docs. 12, 13, 25, 28. All of Lee's claims turn on questions of Georgia state law and no reasonable jurist would find Lee entitled to habeas relief.

Lee correctly asserts that his constitutional rights would be denied if the state court refused to require that the prosecution prove each element of the offense charged beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 309 (1979). Lee asserts that the State failed to prove his victim suffered financial loss.

Georgia law, however, does not require the State to prove financial loss. *See Lee v. State*, 283 Ga. App. 826, 827-28 (2007)

(rejecting financial loss element; instead requiring proof of "accessing or attempting to access another's resources through the use of identifying information"). Georgia courts have the final word on the construction of the state's criminal laws. *See McNulty v. California*, 149 U.S. 645, 647-48 (1893). The State's evidence on the required elements was overwhelming. The State proved that someone ordered checks on the victim's account from Lee's cell phone to be delivered to Lee's residence. *See* Doc. 31 at 5-6; *Lee*, 283 Ga. App. at 826. Lee's argument is meritless.

Lee re-argues that the State should have had to prove financial loss by pointing to *State v. Mayze*, 280 Ga. 5 (2005). In *Mayze*, the Court held that O.C.G.A. §§ 16-9-121 and 16-9-125 "are *in pari materia* and must, therefore be construed together." *Id.* at 6. Lee contends that the Court should have followed this reasoning to read O.C.G.A. § 16-9-120(2)'s definition of a business victim (including financial loss) into § 16-9-121's elements because he victimized a business. *See* Doc. 42 at 4-5. First, under Georgia law, a crime is defined by the elements in place at the time of its commission. *See Fleming v. State*, 271 Ga. 587, 589 (1999). Because *Mayze* was decided after Lee committed his crime, it does not apply. Second, *Mayze* would do nothing to change the result in Lee's case as the Court would still not be required to import the definition of a "business victim" into § 16-9-121, where that term does not appear. Lee's argument is meritless.

Lastly, Lee contends that he only *attempted* to commit identity fraud, and therefore should not have been sentenced to the maximum penalty available for a completed crime. *See* Doc. 42 at 5-6. Lee was convicted of violating O.C.G.A. § 16-9-121, which requires proof that one accessed or *attempted* to access another's resources. Because the statute prohibits both attempts to commit fraud and actually committing fraud, the distinction Lee draws here is irrelevant, and his sentence is permitted by Georgia law.

**B.** *In Forma Pauperis*

"A party who was permitted to proceed [IFP] in the [district court] . . . may proceed on appeal [IFP] without further authorization, unless" the district court certifies that the appeal is "not taken in good faith." FED. R. APP. P. 24(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Lee's claims are frivolous and his appeal is not taken in good faith. All his claims turn on issues of state law and all are clearly meritless. Lee's COA and IFP motions are ***DENIED***.

This 14th day of December 2010.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA